# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LYNDA S. ROWLAND | CIVIL ACTION NO. 22-0667[1] |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment (Record Document 47) filed by Plaintiffs Lynda Rowland and Patricia Stallcup ("Plaintiffs"). Plaintiffs argue there is an absence of evidence that either they or third parties were at fault or their fault or the fault of third parties contributed to the injury causing accidents. See id. Thus, they seek partial summary judgment dismissing the affirmative defense of comparative fault asserted by Defendants Outback Steakhouse of Florida, LLC, d/b/a Outback Steakhouse, Bloomin Brands, Inc. d/b/a Outback Steakhouse, and National Retail Properties, L.P. ("Defendants"). See id. Defendants opposed the motion. See Record Document 66. Plaintiffs replied and Defendants filed a surreply. See Record Documents 71 and 75. For the reasons set forth below, Plaintiffs' Motion for Partial Summary Judgment (Record Document 47) is **DENIED**.

## BACKGROUND

This is a slip and fall case relating to two incidents – one slip and one slip and fall – that occurred at the Outback Steakhouse restaurant in Shreveport, Louisiana, on

---

[1] The instant Memorandum Order shall also be filed in member case, Patricia M. Stallcup v. Outback Steakhouse of Florida, LLC, et al., 22-cv-0786.

December 12, 2020. Plaintiffs contend the slippery condition of the floor due to lack of proper maintenance caused their accidents and injuries on that date.

In their Answers, Defendants alleged the affirmative defense of both Plaintiffs' negligence and third party fault. Plaintiffs propounded discovery as the affirmative defenses. In response, Defendants stated:

> Defendants object to this interrogatory as premature. Discovery is still ongoing. Without waiving said objection, please see the affirmative defense set forth in Defendant[s'] Answer to Petition for Damages.

Record Documents 47-4 and 47-5. Defendants' supplemental answers provided:

> Defendants object to this interrogatory as it seeks the facts that may nor may not support affirmative defenses which is the opinion of counsel and is protected under Attorney Work Product Privilege. Subject to and without waiving said objection, please see the affirmative defenses set forth in Defendant's Answer to Petition for Damages.

Record Documents 47-6 and 46-7. Defendants made no other supplements to the discovery providing any facts supporting the affirmative defenses.

Plaintiffs have now moved for partial summary judgment on the grounds that there exists no evidence of any third party fault that caused or contributed to the accidents and there exists no evidence of Plaintiffs' fault that caused or contributed to the accidents. See Record Document 47.

**LAW AND ANALYSIS**

**I.    Partial Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Quality Infusion Care, Inc., 628 F.3d at 728. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

"A partial summary judgment order is not a final judgment but is merely a pre trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

II.     **Comparative Fault.**

Louisiana Civil Code Article 2323 requires the trier of fact to make a determination as to the fault of all parties. See Amedee v. Aimbridge Hosp. LLC, 2021-01906 (La. 10/21/22), 351 So. 3d 321, 333. Article 2323 expressly states that "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall

be determined, regardless of whether the person is a party to the action or a nonparty . . . ." The defendant bears the burden of proving comparative fault by a preponderance of the evidence. See Bethel v. Nat'l Indem. Ins. Co., No. CV 15-391-SDD-RLB, 2017 WL 125028, at *3 (M.D. La. Jan. 12, 2017).

### III.    Analysis.

Plaintiffs seek to dismiss Defendants' affirmative defenses because the discovery responses did not specify facts for each affirmative defense. Moreover, they allege no competent evidence exists in the record or otherwise to show that any negligence of Plaintiffs or a third party in any way precipitated caused or contributed to the incidents.

Conversely, Defendants contend that their responses were proper because the interrogatories – as worded – called for the opinion of counsel as to what facts may or may not support an affirmative defense. The defense maintains that such opinions are protected by attorney work product privilege. Notwithstanding, Defendants maintain that they have produced all evidence in their possession in response to discovery. With this evidence, Defendants believe Plaintiffs can specifically identify the evidence relevant to each affirmative defense. Plaintiffs argue this litigation tactic by the defense is improper and amounts to trial by ambush.

The Court does not believe that the defense tactics necessarily amount to trial by ambush. Instead, the Court finds that dismissal of an affirmative defense at this stage would be premature. As noted in previous rulings, there are factual disputes relating to causation in this case. Thus, affirmative defenses such as those raised in the instant matter will be highly dependent upon the evidence presented at trial. While it is true that there are instances where summary judgment may be the appropriate procedural vehicle to dismiss the affirmative defense of comparative fault, this Court does believe this case

presents such an instance. Moreover, the Court cannot agree that no competent evidence exists in the summary judgment record such that dismissal of the affirmative defenses is correct as a matter of law. The defense expert opined as to Plaintiffs' footwear and/or attentiveness. Plaintiffs' expert referenced mats and cleaning chemicals, all seemingly provided by third parties. Thus, given the factual disputes in this matter, the Court believes summary judgment on the issue of comparative fault is simply not appropriate.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' Motion for Partial Summary Judgment (Record Document 47) seeking dismissal of the affirmative defense of comparative fault is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 19th day of January, 2024.

_____
United States District Judge